IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JERRELL MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:23CV383 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER AND RECOMMENDATION

Petitioner, a federal prisoner, submitted a Letter alleging that the United States Bureau of Prisons is not properly calculating his sentence. Where, as here, a petitioner attacks the execution and not the imposition of a sentence, his filing invokes 28 U.S.C. § 2241. See Setser v. United States, 566 U.S. 231, 244 (2012) ("[T]he Bureau of Prisons . . . ultimately has to determine how long the District Court's sentence authorizes it to continue [the defendant's] confinement. [The defendant] is free to urge the Bureau to credit his time served in state court based on the District Court's judgment that the federal sentence run concurrently with the state sentence for the new drug charges. If the Bureau initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program. See 28 CFR § 542.10 et seq. (2011). And if that does not work, he may seek a writ of habeas corpus. See 28 U.S.C. § 2241."); see also United States v. Wilson, 503 U.S. 329, 334-35 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. . . . Federal regulations have afforded prisoners administrative review of the computation of their credits . . . and prisoners have been able to seek judicial

review of these computations after exhausting their administrative remedies."). For this reason, the Court treated Petitioner's filing as a petition under § 2241. However, in a § 2241 action challenging the execution of the sentence of a petitioner in physical custody within the United States, the petition should be filed in the district court of the district where the petitioner is in custody. See United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989) ("A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court."); see also, Kanai v. McHugh, 638 F.3d 251, 255 (4th Cir. 2011) (citing Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004)). It appears that Petitioner is incarcerated in at FCI Butner in the Eastern District of North Carolina. Accordingly, Petitioner should seek the proper forms from the Clerk of that district and file any § 2241 petition there after exhausting any available administrative remedies. The address for the Clerk is: 310 New Bern Avenue, Room 574, Raleigh, NC 27601.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition in the proper district after exhausting any available administrative remedies.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Petitioner filing in the proper district after exhausting any available administrative remedies.

This, the 31st day of May, 2023.

/s/ Joe L. Webster
United States Magistrate Judge